

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. M. Lister, Chairman
Texas Prison Board
Second National Bank Building
Houston, Texas

Dear Sir:

Opinion No. O-4582
Re: Is it legal for the
Texas Prison Board
to permit the use of
trusty prisoners to
State officials, mem-
bers of the Prison
Board, and employees
of the Prison System?

Your letter requesting the opinion of this de-
partment on the above stated question reads in part as
follows:

"Some discussion has arisen as to whether
or not it is legal for the Prison Board to
permit the use of trusty prisoners to State
officials, members of the Prison Board, and
employees of the Prison System. This matter
came before the Board in 1939, and I am quot-
ing below a resolution adopted by the Board
at that time:

"'That in accordance with Penal
Code No. 370 the Prison Board go
on record as authorizing the Gen-
eral Manager to proceed in accord-
ance with the custom of the past,
which has been to lend trusties to
officials and Board Members.'

"A member of the Prison Board, who is an
attorney, feels that this resolution is not a
legal one, so I am asking that you give me an

opinion in this matter. I would respectfully call your attention to Articles 370 and 372 of the Penal Code of the State of Texas, and Articles 6184 E and 6184 K of the Revised Civil Statutes of 1925.

"We have only a few cases where inmates are removed from the units to which they are attached for use by State or prison officials. As you likely know, quite a number of these inmates are used for servants and helpers by the employees of the Prison System at Huntsville and other prison units."

Article 370, Vernon's Annotated Penal Code provides in part:

"No officer or employe of the State penitentiaries shall be permitted. . . . to appropriate to his private use or employment the labor, services or use of any State penitentiary convict , or of any animal, vehicle or other personal property belonging to the State, unless it be by the express consent of the penitentiary board had by an order to that effect entered of record on the minutes of said board, providing for the amount to be paid by such officer or employe, for the use, employmen and services of such convict or convicts or the use of any personal property belonging to the State; / . . ."

Article 6166a, Vernon's Annotated Civil Statutes reads in part as follows:

". . . . All prisoners shall be worked within the prison walls and upon farms owned or leased by the State; and in no event shall the labor of a prisoner be sold to any contractor or lessee to work on farms, or elsewhere; nor shall any prisoner be worked on any farm or otherwise, upon shares, except such farm be owned or leased by the State of Texas."

Honorable S. M. Lister, Page 3

Article 6184s, Vernon's Annotated Civil Statutes provides:

"No person who has been appointed a trusty shall be permitted to leave the prison where such person is located except upon business connected with the prison."

Articles 6184g and 6184k, Vernon's Annotated Civil Statutes read as follows:

"Art. 6184g. No trusty shall be permitted to be at large or off the prison property after 9:00 p. m., except when accompanied by a guard or other officer of the prison system, and it shall be the duty of all officers of the prison system having convicts in charge, whether at the prison proper, or on any of the farms, or elsewhere, to see that all trusties are inside the prison buildings by not later than 9:00 p. m., provided that trusties who may be accompanied by a member of the commission or other officer of the prison system and who are on journeys away from the penitentiary at Huntsville, or the farms where such prisoners are located, shall be exempted from the provisions of this section of the Act while actually away from headquarters."

"Art. 6184k. Any member of the Board of Prison Commissioners, or any warden or farm manager, or any other employee of the Board of Prison Commissioners, whose duty it is to enforce the provisions of this Act who shall fail or refuse to enforce the same shall be subject to removal from office."

Article 6184g, Vernon's Annotated Civil Statutes pertains to the absence of trusties from the prison and Article 6184i and 6184j, Vernon's Annotated Civil Statutes provide certain exemptions, however, we do not think that these statutes apply to the question under consideration.

Apparently under Article 370, supra, the employees of the penitentiary were permitted to use or employ the labor,

services, or the use of any State penitentiary convict when the express consent of the Penitentiary Board has been obtained and an order to that effect has been entered of record on the minutes of said board. However, Article 370, supra, was enacted at a time (1903) when the law permitted convicts to be leased to contractors and lessees generally, but this policy was changed, and the leasing of convicts was prohibited by Acts of 1910, 4th Called Session, p. 143, which became Article 6174, R. C. S. 1911. That article was amended by Chapter 82, Acts 1st Called Session, 1917, and was brought forward in Article 6167, R.C.S. 1925, which was repealed by Chapter 212, Acts of the 40th Legislature. Article 6166a, supra, contains in substance, the same language as the above mentioned Civil Statutes, prohibiting the leasing of convicts which was enacted in 1927. Apparently this has been the policy of the Legislature since 1910, and only the Legislature has the legal authority and power to change the same. It will be noted that Article 6166a does not expressly repeal Article 370, supra, However, these two statutes are in pari materia and their provisions in such respect cannot be reconciled. In such circumstances, "the older statute (Article 370) will be held to be repealed by implication to the extent of the conflict. It is presumed that the Legislature intended to repeal all laws and parts of laws clearly inconsistent with its later acts" . . . . . (Here the later Act is Article 6166a.) 39 Tex. Jur. p. 145, S. 77 (Parenthesis ours) Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED APR. 15, 1942
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

AW:ff

Ardell Williams
Assistant

APPROVED OPINION COMMITTEE
BY B.W.B CHAIRMAN

AW:mw